UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Darrell G. Mosley**, | ) | **CASE NO. 5:20 CV 1318** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| | ) | |
| **Commissioner of Social Security,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge David A. Ruiz ("R&R")(Doc. 18) recommending that the decision of the Commissioner be affirmed. Plaintiff has filed objections. The R&R is hereby ACCEPTED and the decision of the Commissioner is AFFIRMED.

**STANDARD OF REVIEW**

When objections are made to a Magistrate Judge's Report and Recommendation, the district court reviews the case *de novo*. Federal Rule of Civil Procedure 72(b) provides in

1

pertinent part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

**ANALYSIS**

As set forth below, the Court incorporates the R&R into this Opinion. Therefore, the Court need not repeat the medical history, which is thoroughly recited by the Magistrate Judge. Plaintiff objects to the R&R on two grounds. Each will be addressed in turn.

1. Opinion of Nurse Reed

Judith Reed is a nurse practitioner with the U.S. Department of Veterans Affairs ("VA"). In connection with plaintiff's claim for service-related disability, Nurse Reed opined regarding plaintiff's ability to engage in work-related activities. After checking a box indicating that plaintiff's impairment "did not affect his ability to work," Nurse Reed opined that plaintiff could not perform work requiring heavy exertion. She further opined that plaintiff could perform work at the sedentary level, provided he could change positions.

Two state agency reviewing physicians, Drs. Das and Sreenvias, reviewed the medical evidence in the record on behalf of the Social Security Administration. Both opined that plaintiff could perform work at the light exertional level.

Plaintiff objects on the grounds that the decision of the Administrative Law Judge ("ALJ") is not supported by substantial evidence. According to plaintiff, the ALJ erred in relying on the opinions of the state agency reviewing physicians and discounting the opinion of Nurse

Reed. Plaintiff claims that the ALJ discounted Nurse Reed's opinion in part because plaintiff climbed a ladder and did not have an abnormality of gait. According to plaintiff, the ALJ failed to note that plaintiff fell off the ladder and injured his wrist. In addition, plaintiff notes that medical testing supported the statements of Nurse Reed.

The objection is not well-taken. As an initial matter, the new Social Security regulations, which are applicable to this case, no longer give special consideration to the opinions of any particular source. As the Magistrate Judge notes, medical opinions from both medical sources and reviewing physicians are evaluated using the same factors. Thus, the ALJ need not give any special weight to the opinion of Nurse Reed. Here, the ALJ relied on the opinions of Drs. Das and Sreenvias, whose opinions are consistent with the residual function capacity ("RFC"). The ALJ found these opinions "persuasive based on a review of the evidence and the application of limitations supported through the date last insured." (Tr. 26). Plaintiff makes much of the fact that the ALJ discounted the opinion of Nurse Reed. Nurse Reed, however, does not opine as to plaintiff's ability to perform light work. Even if the opinion could be construed to prevent such work, the Court finds that substantial evidence supports the RFC. The ALJ properly relied on the opinions of the state agency reviewing physicians and thoroughly analyzed the medical evidence. Thus, although other medical evidence and the opinion of Nurse Reed may provide substantial evidence of a more limited RFC, substantial evidence also supports the ALJ's determination. Thus, there is no basis for remand.

Plaintiff also argues that the ALJ erroneously noted that plaintiff injured his wrist "breaking a fall" from a ladder when in actuality plaintiff fell off the ladder and broke his wrist in the process. This does not warrant remand. The ALJ was free to rely on the fact that plaintiff

3

climbed ladders in assessing his claim. Plaintiff makes no argument as to how the fall from the ladder relates to his impairments. Regardless, in the RFC, the ALJ limited plaintiff to light work with a limitation that he can "never climb ladders." The Court finds no error in this regard.

2. Pain

Although slightly unclear, it appears that plaintiff objects to the ALJ's analysis of his pain. Plaintiff's argument in its entirety is as follows:

> In this matter, however, the ALJ failed to detail plaintiff's pain, factors which precipitated and aggravated his pain, and his functional limitations and restrictions due to pain. Although the ALJ focused on the activities which [plaintiff] could perform, she failed to note his limitations. In addition, the ALJ erred in her consideration of the contemporaneous evidence from the time of his date last insured which supported his testimony and argument that he was limited to the sedentary level of exertion with the need to change positions.

As an initial matter, the Court notes that plaintiff fails to point this Court to what evidence he believes the ALJ should have considered. Although plaintiff makes broad statements that the ALJ "failed to consider" plaintiff's limitations, plaintiff does not identify any such limitations in his objections. Nor does plaintiff identify the "contemporaneous evidence" that allegedly supported plaintiff's testimony. Absent identification of any such evidence, the Court cannot discern the specific basis for the objection. The Magistrate Judge noted as much by finding that "plaintiff's conclusory statement that "'the ALJ failed to consider evidence which supported [his] credibility about his symptoms'" fails to establish a basis for remand. (Doc. 18 at PageID 1507). This Court agrees.

Regardless, however, to the extent plaintiff is claiming that the ALJ failed to properly consider his alleged symptoms, the Court agrees with the Magistrate Judge that no such error occurred. The Magistrate Judge thoroughly analyzed the two-step process an ALJ must apply in

4

assessing plaintiff's symptoms, including pain. At step one, the ALJ must determine whether the claimant has an underlying impairment that could reasonably be expected to produce plaintiff's symptoms. SSR 16-3p. The ALJ concluded that plaintiff satisfies step one. At step two, an ALJ should consider the intensity, persistence, and limiting effects of an individual's symptoms. *Id.* As noted by the Magistrate Judge, an ALJ should consider seven factors, although not all factors must be discussed. The ALJ must, however, consider all of the relevant evidence.

The Court agrees with the Magistrate Judge's recommendation on this point. The ALJ considered the effectiveness of various treatments, as well as positive progress notes from physical therapy. The ALJ further noted that plaintiff was able to support himself with "under the table jobs" involving "carpentry, plumbing, minor electrical, roofing and lawn care." (Tr. 24). Thus, the ALJ did not err in discounting plaintiff's credibility, and remand is not required.

### **CONCLUSION**

This Court, having reviewed the Report and Recommendation and finding plaintiff's objections without merit, hereby accepts the Magistrate Judge's Report and Recommendation. In accordance with that recommendation, judgment is entered in favor of the Commissioner for the reasons stated by the Magistrate Judge and the Report and Recommendation is incorporated herein by reference.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 3/15/22

5